**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ISSAC WILRIDGE, JR, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CASE NO. 4:13cv295 |
| | § | Judge Clark/Judge Mazzant |
| DEUTSCHE BANK NATIONAL TRUST | § | |
| CO., SELECT PORTFOLIO | § | |
| SERVICING, INC. AND AAMES | § | |
| FUNDING, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER ADOPTING REPORT AND
## RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On August 22, 2013, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendants' Motion to Dismiss Plaintiff's Amended Original Complaint [Doc. #6] be granted [Doc. #7]. On September 5, 2013, Plaintiff filed his Written Objections to Proposed Findings and Recommendations [Doc. #8]. On October 3, 2013, Defendants filed a response to Plaintiff's objections [Doc. #9].

Plaintiff filed suit in state court seeking to challenge the foreclosure of the property located at 1025 Stony Brook, Lewisville, Texas 75067 (the "Property"). Defendants removed this case to this court. On June 3, 2013, the Magistrate Judge entered its order and advisory, giving Plaintiff an opportunity to file an amended complaint. Plaintiff filed an amended pleading on July 3, 2013. On July 29, 2013, Defendants filed a motion to dismiss. Plaintiff failed to file a

response to the motion. The Magistrate Judge then issued a report and recommendation that the motion should be granted. The decision was based on Plaintiff's failure to file a response as required by the court's local rules. The decision was also based upon a review of the motion and the amended complaint and a finding that none of the claims asserted were plausible.

Plaintiff filed objections. First, the court would note that Plaintiff cites to *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), which is not the current state of the law in addressing Rule 12(b)(6) motions. The Magistrate Judge correctly cites the current state of the law.

Plaintiff's objections are generic. Plaintiff states that he "...would show that the Amended Original Complaint shows Plaintiff has plausible complaints." This is not a proper objection and does not explain why any of his claims are plausible. This error is compounded by Plaintiff's failure to file a response to the motion to dismiss. The court is left with merely Plaintiff's conclusory statement that there are plausible claims, and he has never addressed the various grounds cited by Defendants in support of dismissal of this case. To the extent that this counts as an objection, the objection is overruled.

Plaintiff next objects, asserting that he "...would show that the Fifth Circuit Court of Appeals decision that the four-year statute of limitations applies in Texas Home Equity Loans is on appeal to the U.S. Supreme Court." Although Plaintiff fails to cite to which case he is referring, the court presumes that he is referring to this court's decision in *Priester v. JP Morgan Chase Bank, N.A.*, No. 4:10-CV-641, 2011 WL 6116491 (E.D. Tex. Oct 13, 2011), *report and recommendation adopted*, 2011 WL 6116481 (E.D. Tex. Dec 8, 2011), *affirmed by* No. 12-40032, 708 F.3d 667 (5th Cir. 2013), *cert. denied*, 2013 WL 3193331 (Oct. 7, 2013). In *Priester*, the Fifth Circuit found that Texas Civil Practice and Remedies Code § 16.051 (four-year statute of limitations) applied to a suit that sought to invalidate a home equity loan on the

grounds that it violated the Texas Constitution. The Fifth Circuit further found that when a party claims that a home equity loan violates the Texas Constitution, the statute of limitations begins to run at the closing of the loan. *Priester*, 708 F.3d at 675. The argument that since the petition for certiorari has been filed, this court should delay consideration of binding Fifth Circuit law, has no merit and is rejected. Also, since the filing of the objections, the Supreme Court has denied certiorari. In this case, Plaintiff executed the Note and Deed of Trust on July 5, 2005, which means that the statute of limitations began to run on July 5, 2005. Because Plaintiff did not file this suit until nearly eight years after the accrual of his claims, his causes of action seeking to have the loan declared void fail as a matter of law.

Plaintiff next asserts that the Texas Supreme Court has just agreed to answer questions certified by the Fifth Circuit Court of Appeals relating to issues involving Texas Home Equity Loans. Again, Plaintiff fails to cite to the case at issue. The court presumes Plaintiff is referring to *Sims v. Carrington Mortgage Services, L.L.C.*, No. 12–10978, 2013 WL 4083287, at *7-8 (5th Cir. Aug. 14, 2013).[1] Plaintiff argues that the Texas Supreme Court has recently agreed to

---

[1] The Fifth Circuit certified the following four determinative questions of law to the Supreme Court of Texas:
1. After an initial extension of credit, if a home equity lender enters into a new agreement with the borrower that capitalizes past-due interest, fees, property taxes, or insurance premiums into the principal of the loan but neither satisfies nor replaces the original note, is the transaction a modification or a refinance for purposes of section 50 of Article XVI of the Texas Constitution? If the transaction is a modification rather than a refinance, the following questions also arise:
2. Does the capitalization of past-due interest, fees, property taxes, or insurance premiums constitute an impermissible "advance of additional funds" under section 153.14(2)(B) of the Texas Administrative Code?
3. Must such a modification comply with the requirements of section 50(a)(6), including subsection (B), which mandates that a home equity loan have a maximum loan-to-value ratio of 80%?
4. Do repeated modifications like those in this case convert a home equity loan into an open-end account that must comply with section 50(t)?
*Sims*, 2013 WL 4083287, at *7-8

answer questions certified by the Fifth Circuit relating to issues of Texas Home Equity Loans. Plaintiff argues that the outcome of these questions will affect the validity of Plaintiff's causes of actions. Plaintiff cites as an example that he would argue that the illegalities in home equity loans that are fundamental and essential cannot be made legal by the passage of time, and that an illegal section 50 loan must either be cured or forfeited at any point during its life. The court rejects Plaintiff's suggestion that the court should delay taking up this matter. Plaintiff has failed to address how the questions being certified are implicated by the facts of this case. The question of statute of limitations, which bars Plaintiff's claims in this case, is not an issue in the certification case.

      Finally, Plaintiff objects to the dismissal of this case with prejudice because the case was never heard on its merits, and if the lack of a response to the motion was the basis for the dismissal, then the dismissal should be without prejudice. This objection, like the others, lacks merit. The granting of a motion to dismiss is a decision on the merits, and the Magistrate Judge considered the merits of Plaintiff's claims and did not merely default Plaintiff for the failure to file a response. In fact, the Magistrate Judge reviewed Defendants' motion and found Plaintiff had no plausible claims against Defendants. The Magistrate Judge reviewed the motion to dismiss and found that Defendants' motion to dismiss should be granted. The court agrees with this decision.

      Plaintiff has not filed anything with the court that explains why any of his asserted claims would be plausible. In his amended complaint, Plaintiff also challenges the assignment of the Note and Deed of Trust. Plaintiff does not have standing to attack the assignment. Plaintiff's claim for misrepresentation likewise fails, because it is premised on Plaintiff's challenge of the

assignment of his Deed of Trust. Plaintiff alleges no facts to support a claim for negligent misrepresentation. Plaintiff's quiet title claim also fails, because it is premised on the flawed theory that the assignments of the Deed of Trust are void, and that he has standing to challenge those assignments. Plaintiff fails to assert a claim under the Texas Fair Debt Collection Act ("TDCA"). Plaintiff does not allege any facts as to how Defendants have allegedly violated the TDCA. The court has consistently rejected that there is a claim for breach of the duty of good faith and fair dealing. Plaintiff has no claim for "unconscionability," which is not a claim under Texas law. Plaintiff also fails to assert a claim for breach of contract, because Plaintiff has not alleged any facts to support a such a claim. Plaintiff appears to assert a claim for estoppel, but there are no facts alleged to support such a claim. Plaintiff does not have a claim for declaratory judgment, because there are no plausible causes of action being asserted.

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by Plaintiff [Doc. #8], this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

It is, therefore, **ORDERED** that Defendants' Motion to Dismiss Plaintiff's Amended Original Complaint [Doc. #7] is **GRANTED** and Plaintiff's case is **DISMISSED** with prejudice.

All relief not previously granted is **DENIED.**

The Clerk is directed to **CLOSE** this civil action.

. So **ORDERED** and **SIGNED** this **25** day of **October, 2013.**

_____
Ron Clark, United States District Judge